[No. H005409. Sixth Dist. Aug. 2, 1990.]

DALE CALDWELL, Plaintiff, v.
SAMUELS JEWELERS et al., Defendants;
BLEY AND BLEY et al., Appellants;
JAMES K. ROBERTS, Appellant;
COUNTY OF SANTA CLARA, Respondent.

COUNSEL

James K. Roberts, in pro. per., Bley & Bley and Margaret A. Pendergast for Appellants.

Steven M. Woodside, County Counsel, and Deborah A. Ryan, Deputy County Counsel, for Respondent.

OPINION

COTTLE, J.—In separate appeals, plaintiff's attorney, James K. Roberts, and defendants' attorneys, Margaret Pendergast and Stephen Whitmore of—the law firm of Bley and Bley (hereafter collectively Bley), seek reversal of a trial court order imposing monetary sanctions on them pursuant to Code of Civil Procedure section 177.5[1] and California Rules of Court, rule

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise stated. Section 177.5 provides: "A judicial officer shall have the power to impose reasonable money sanctions, not to exceed fifteen hundred dollars ($1,500), notwithstanding any other provision of law, payable to the county in which the judicial officer is located, for any violation of a lawful court order by a person, done without good cause or substantial justification. This power shall not apply to advocacy of counsel before the court. For the purposes of this section, the term 'person' includes a witness, a party, a party's attorney, or both. [¶] Sanctions pursuant to this section shall not be imposed except on notice contained in a party's moving or responding papers; or on the court's own motion, after notice and opportunity to

227[2] for disobeying an earlier court order. The attorneys contend the order is invalid because (1) the notice requirements of due process and section 177.5 were not met; (2) the evidence was insufficient to justify sanctions; (3) the order does not recite specific conduct and circumstances justifying sanctions; and (4) the statutory basis of the order is unclear. Although we agree with the trial court that substantial evidence supports the imposition of sanctions against counsel for both sides, we nevertheless reverse the order and remand to the trial court because (1) the sanction imposed, if it is based on violation of a lawful court order, exceeds the statutory maximum amount of $1,500, and (2) the order does not detail justification for the imposition of sanctions with the degree of specificity required by due process and by section 177.5.

## FACTS

Plaintiff Dale Caldwell filed a complaint for wrongful termination and breach of contract against his former employer, defendant Samuels Jewelers, on March 30, 1987. Defendants answered and cross-complained for damages for conversion. Subsequently, each party filed numerous motions attacking the other's pleadings and seeking enforcement of discovery.

Following a hearing on May 31, 1988, on defendants' motion to require plaintiff, a Pennsylvania resident, to appear at a deposition, the court entered the following order pursuant to the parties' stipulation: "Plaintiff will appear for his deposition no later than September 10, 1988. A tentative date is set for July 8, 1988. The parties will confirm an exact date . . . . [¶] It Is So Ordered."

Thereafter and prior to September 10, defendants' attorneys (Bley) attempted on numerous occasions to set up plaintiff's deposition. Most of their letters went unanswered. However, when plaintiff's attorney (Roberts) finally suggested a Saturday, July 23d date, Bley informed him that they would not take plaintiff's deposition on any day other than a midweek day. On August 16, after Bley had heard nothing more from Roberts, Bley unilaterally set a date of September 2, 1988, to depose plaintiff at Roberts's office. On August 31, in a phone conversation to confirm the September 2

---

be heard. An order imposing sanctions shall be in writing and shall recite in detail the conduct or circumstances justifying the order."

[2] All references to rules are to the California Rules of Court. Rule 227 provides: "The failure of any person to comply with these rules, local rules, or order of the court, unless good cause is shown, or failure to participate in good faith in any conference those rules or an order of the court require, is an unlawful interference with the proceedings of the court. The court may order the person at fault to pay the opposing party's reasonable expenses and counsel fees, and reimburse or make payment to the county, and may order an appropriate change in the calendar status of the action, in addition to any other sanction permitted by law."

date, Roberts's associate explained that plaintiff could not fly out on the second but would be available on the ninth. Roberts claims that Bley agreed to the latter date; Bley denies that there was agreement. On September 1, Bley wrote to Roberts: "I am writing to confirm your client's refusal to attend the scheduled deposition on September 2, 1988 at 10:00 a.m. in your office and to advise you that we shall seek sanctions against both you and your client." On September 8, when plaintiff was already on a plane en route to California, Roberts called Bley's office to find out which attorney should arrange for the court reporter. At that time Bley advised that he would not appear at the deposition. The parties subsequently exchanged correspondence by facsimile communication, but no agreement was reached. Ultimately, Bley failed to appear at plaintiff's September 9 deposition.

Roberts then brought a motion for sanctions under section 2023 and a protective order that plaintiff need not appear for deposition in California without prior payment of travel fees by defendants. Plaintiff sought sanctions for the unnecessary plane fare and for $6,108.14 in photocopying expenses incurred as a result of defendants' allegedly providing 19 boxes of largely irrelevant material in response to an earlier request for production of documents. Bley had advised Roberts that there were only "3 large and one medium size boxes" of materials. In support of plaintiff's motion, Roberts submitted an eight-page declaration chronicling his efforts at trying to set up the deposition and discussing discovery abuses.

Defendants reciprocated with their own motion, also seeking sanctions under section 2023 and for an order compelling plaintiff's attendance at a deposition. Bley submitted a declaration and letter exhibits setting forth their efforts at scheduling plaintiff's deposition and Roberts's response to those efforts.

The court heard the motions together on December 15, 1988. Immediately after calling the case, the court advised counsel that, based on their papers, it was considering the "payment of money . . . to the clerk of the court" pursuant to California Rules of Court, rule 227 or Code of Civil Procedure section 177.5.[3] The court asked counsel whether they agreed the

---

[3] At the beginning of the hearing, the following colloquy occurred between the court and counsel: "THE COURT: I think when each party gives fair notice that they are requesting one from the other and they argue the statutory basis, the court has before it the ability to consider the payment of money within the range discussed to the clerk of the court under 177.3 [*sic*] or rule 227. [¶] Would you agree that the whole sanctions issue is before me? [¶] Ms. PENDERGAST: Yes, your honor. [¶] MR. ROBERTS: Yes, your honor. And I apologize. [¶] THE COURT: If not, I may have you come back in a week. If I'm going to order the payment of money I'd consider it to the clerk of the court or 227, 177.5. [¶] MR. ROBERTS: Yes, your honor. [¶] THE COURT: Since you've stipulated, that's great."

"whole sanctions issue" was before the court, and counsel so stipulated. The court then asked a number of questions concerning the photocopying bill for the 19 boxes of allegedly irrelevant material. After a lengthy discussion in which neither Roberts nor Bley could agree on anything, the court asked: "Is there something that you agree on here? Some months ago I ordered that a deposition be taken no later than September 10, and that you were to confirm the date, and that didn't get done." Both counsel agreed that the deposition had not been taken but placed the blame on opposing counsel (Roberts: "This case is probably my worst experience in the practice of law after eight years [opposing] the Bley & Bley law firm"; Bley: "So it has not been our fault. It has been the fault of Mr. Roberts' firm.")

On December 21, 1988, after taking the motions under submission, the court issued the following order: "Motions were heard and submitted on December 15, 1988. Counsel stipulated that the Court could consider sanctions pursuant to Code of Civil Procedure 177.5 and California Rule of Court 227 and other applicable provisions of law, in addition to discovery act sanctions, but not including sanctions pursuant to Code of Civil Procedure 128.5. [¶] GOOD CAUSE APPEARING: [¶] 1. Counsel of record for Plaintiff and counsel of record for Defendants shall each pay to the County of Santa Clara, payable by delivery to the Clerk of the Superior Court by February 1, 1989, the sum of $2,500. A copy of the receipt showing timely payment shall be delivered to the department of the undersigned by said date to verify compliance with this order. [¶] 2. If counsel for either party desire to pursue their respective requests for sanctions or protective orders relating to discovery, those matters, along with all other discovery motions and disputes relevant to discovery in the action are directed, pursuant to Code of Civil Procedure 639(e), to Gerald Z. Marer, Attorney at Law, 250 Cambridge Avenue, Palo Alto, California 94306, telephone (415) 323-5752."

### DISCUSSION

Preliminarily, we note that an order imposing sanctions on an attorney pursuant to section 177.5 and rule 227[4] is appealable as a final order on

---

[4] As both counsel observe, and as the county counsel (representing the trial court) concedes, the court's order does not explicitly specify that it is based on section 177.5 and/or rule 227. The court simply stated in its order that it "*could* consider sanctions pursuant to Code of Civil Procedure 177.5 and California Rule of Court 227 and other applicable provisions of law, in addition to discovery act sanctions, but not including sanctions pursuant to Code of Civil Procedure section 128.5." (Italics added.) The court, however, referred the issue of discovery act sanctions to special master Gerald Z. Marer. Because a court has no inherent power to award attorney's fees for misconduct independent of its statutory authority (*Bauguess v. Paine* (1978) 22 Cal.3d 626, 638 [150 Cal.Rptr. 461, 586 P.2d 942]), it therefore

a collateral matter directing the payment of money. (*Bauguess* v. *Paine, supra,* 22 Cal.3d 626, 634, fn. 3.) ■ While not parties to the underlying action, plaintiff's counsel and defendants' counsel are parties of record in the collateral matter by virtue of the trial court's order and consequently have standing to appeal. (*Ellis v. Roshei Corp.* (1983) 143 Cal.App.3d 642, 645, fn. 3 [192 Cal.Rptr. 57].)

We therefore turn to the substantive issues raised by appellants, i.e., whether they were given adequate notice and an opportunity to be heard, whether the evidence supports the imposition of sanctions, whether the order satisfies the specificity requirements of section 177.5 and, if not, whether the order may be justified under rule 227.

■ Adequate notice and an opportunity to be heard prior to the imposition of sanctions are mandated not only by section 177.5, which prohibits sanctions "except on notice contained in a party's moving or responding papers; or on the court's own motion, after notice and opportunity to be heard," but also by the due process clauses of both the federal and state Constitutions. (U.S. Const., 14th Amend.; Cal. Const., art I, § 7; *Bauguess* v. *Paine, supra,* 22 Cal.3d at pp. 638-639; see also *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 651-654 [183 Cal.Rptr. 508, 646 P.2d 179].) Indeed, due process protections must be afforded in every situation in which the state deprives an individual of property. (*Annex British Cars, Inc.* v. *Parker-Rhodes* (1988) 198 Cal.App.3d 788, 792 [244 Cal.Rptr. 48].) Thus, it matters not whether the sanctions were imposed pursuant to section 177.5, which specifically requires notice and an opportunity to respond, or pursuant to rule 227, which is silent on the issue, because the imposition of sanctions always requires procedural due process.

■ In the present case, the record indicates that the court gave appellants notice twice at the same hearing of its intent to consider sanctions *payable to the court* under section 177.5 and rule 227 despite the fact the attorneys had requested sanctions only under the discovery act, i.e., sanctions *payable to opposing counsel,* in their moving papers. Each side stipulated that the court could consider the "whole sanctions issue" as explained by the court.[5] Each submitted detailed declarations setting forth his or her version of the events leading up to the thwarted deposition and each was

_____

appears that the sanction order has to be based on section 177.5, rule 227, and, arguably, "other applicable provisions of law."

[5] Counsel for defendants argues that she did not know what she agreed to when she agreed "the court has before it the ability to consider the payment of money within the range discussed to the clerk of the court under 177.[5] or rule 227." The court cannot be faulted for counsel's ignorance of the law. If she was unfamiliar with section 177.5 or rule 227, she could have so advised the court or taken advantage of the court's offer to return in a week and argue the matter.

given an opportunity to explain why he or she was not responsible for the deposition not having been taken within the time ordered by the court. Though counsel only learned at the hearing that the court was considering sanctions under section 177.5 and rule 227, the facts justifying the sanctions were the same facts relevant to their discovery act sanction motions. Under these circumstances, we cannot imagine what other evidence could have been offered to explain counsel's failure to obey the earlier court order. Accordingly, we conclude that appellants were denied neither a fair warning nor an opportunity to respond before sanctions were imposed.

We now turn to the second issue, whether substantial evidence supports the trial court's finding that both counsel deserved to be sanctioned. ■ As the court observed in *Luke* v. *Baldwin-United Corp.* (1985) 167 Cal.App.3d 664, 668 [213 Cal.Rptr. 654]: "[In order] to justify our interference with a sanction award," "the trial court must abuse the broad discretion accorded it by the Legislature . . . . " A brief review of the facts summarized above leads us to conclude that the court did not abuse its discretion here. In our view, the court's award of sanctions against both counsel was eminently justified.

■ Appellants' next contention is that the court's written order fails to comply with section 177.5's mandate that the "order . . . recite in detail the conduct or circumstances justifying the order." The court's order set forth no facts justifying the imposition of sanctions. Rather, it simply stated that there was "good cause appearing" to impose sanctions. Like section 177.5, section 128.5 requires that an order imposing sanctions must be in writing and "recite in detail the conduct or circumstances justifying the order." In construing this identical language, the court in *Lavine* v. *Hospital of the Good Samaritan* (1985) 169 Cal.App.3d 1019 [215 Cal.Rptr. 708] observed that its purpose "is to fulfill the 'rudiments' of due process required for governmental imposition of a penalty upon an attorney or party—both for due process' own, constitutional sake and to ensure that the power conferred by the statute will not be abused. [Citations.] Moreover, in some cases the court's recitation will be an invaluable aid to a reviewing court determining whether the trial court abused its discretion in awarding sanctions. [Citation.]" (*Id.*, at p. 1029.) In *O'Brien* v. *Cseh* (1983) 148 Cal.App.3d 957, 960, 962 [196 Cal.Rptr. 409], the court held that "good cause appearing" is an inadequate justification to satisfy the specificity requirements imposed by section 128.5. We hold that it is likewise an inadequate justification to satisfy the specificity requirements of section 177.5. As the court observed in *Fegles* v. *Kraft* (1985) 168 Cal.App.3d 812 [214 Cal.Rptr. 380], again in the context of section 128.5, "[t]he court must state the specific circumstances giving rise to the award of attorney's fees, and state with particularity the basis for finding those circumstances

amount to [a violation of section 128.5]. The court's written order should be more informative than a mere recitation of the words of the statute." (*Id.*, at p. 816.)

County counsel concedes that the order does not comply with section 177.5 and uses that noncompliance to argue the court imposed sanctions under rule 227, which contains no requirement of the specific circumstances in justification. However, just as with the issue of notice and opportunity to be heard, due process requires that any order giving rise to the imposition of sanctions state with particularity the basis for finding a violation of the rule. (Cf. *Fegles* v. *Kraft*, *supra*, 168 Cal.App.3d 812, 816.) Indeed, the Government Code section empowering the courts to "make rules for its own government and the government of its officers" requires that the rules be "not inconsistent with law." (Gov. Code, § 68070.) Such rules must comply with procedural due process (7 Witkin, Summary of Cal. Law, Constitutional Law, § 290 et seq.), and a rule not complying with it will be deemed invalid. (*McLaughlin* v. *Superior Court* (1983) 140 Cal.App.3d 473, 480-481 [189 Cal.Rptr. 479].) To avoid invalidity, we read into rule 227 a requirement that the person being sanctioned be told what conduct or circumstances justified the imposition of sanctions.

The requirement that the court's order specify the circumstances in justification serves yet another purpose: it enables us, as the reviewing court, to determine whether the court abused its discretion in making its award. (*Lavine* v. *Hospital of the Good Samaritan*, *supra*, 169 Cal.App.3d at p. 1029.) As noted earlier, rule 227 is not limited in its application to violations of court orders. Rather, that rule provides that *any* of the following acts constitute "an unlawful interference with the proceedings of the court" for which the "person at fault" can be penalized: (1) failure to comply with the Civil Trial Court Management Rules; (2) failure to comply with local rules; (1) failure to comply with a court order; or (4) failure to participate in good faith in a conference required by the court or rules.

Presumably, the sanction in this case was imposed as a penalty for failure to comply with a court order.[6] If this is the case, then the sanction, $2,500 payable to the county, exceeds the amount permitted by the Code of Civil Procedure. As noted earlier, section 177.5 provides that "[a] judicial officer shall have the power to impose money sanctions, *not to exceed fifteen hundred dollars* ($1,500), . . . payable to the county . . . for any violation

---

[6] Of this we cannot be certain; however, the record before us does not indicate that counsel breached any court rules or conference procedure. Nor does the record suggest that the sanction imposed was intended as a reimbursement to the county for actual expenses the county incurred because of the parties' failure to obey the court's order. We leave for another time the issue whether a county could seek such reimbursement expenses in excess of $1,500.

of a lawful court order . . . ." (Italics added.) ■ Because courts may not make rules inconsistent with law (Gov. Code, § 68070; see also, *Iverson v. Superior Court* (1985) 167 Cal.App.3d 544 [213 Cal.Rptr. 399]; *Sadler v. Turner* (1986) 186 Cal.App.3d 245 [230 Cal.Rptr. 561]), we hold that whenever sanctions are awarded to the county pursuant to rule 227 as a *penalty for violating a court order*, the maximum permissible sanction shall be $1,500, i.e., the amount set forth in section 177.5. On the other hand, if the sanction awarded pursuant to rule 227 is based on violation of a state or local rule or on failure to participate in a required conference, the limitation imposed by section 177.5 would not apply.

The insufficiency of the court's order for sanctions requires that we reverse it. On remand, the court will be able to reenter its order with adequate justification in a manner consistent with the views expressed herein.

The order is reversed. Each side shall be responsible for its own costs on appeal.

Agliano, P. J., and Bamattre-Manoukian, J., concurred.