[No. B050024. Second Dist., Div. One. Feb. 28, 1991.]

NORMAN BERGMAN, Plaintiff, v.
RIFKIND & STERLING, INC., et al., Defendants;
IRV M. GROSS, Appellant;
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent.

**COUNSEL**

Robinson, Diamant, Brill & Klausner and Irv. M. Gross for Appellant.

De Witt W. Clinton, County Counsel, and Frederick R. Bennett, Assistant County Counsel, for Respondent.

**OPINION**

**VOGEL, J.**—We reverse an order imposing sanctions.

## FACTS

Norman Bergman sued Rifkind & Sterling, among others, for damages. Irv M. Gross and his firm, Robinson, Diamant, Brill & Klausner, represent two of the defendants.

Mr. Gross prepared a motion for summary judgment with a 22½-page supporting memorandum of points and authorities. As Mr. Gross knew, the Los Angeles Superior Court insists that "[n]o . . . memorandum of points and authorities shall exceed 15 pages in length except by permission of the trial judge." (Super. Ct. L.A. County, Local Rules, rule 801, § 13.) Mr. Gross therefore prepared an application and went to department 84, where his motion would be heard, to seek leave to file his 22½-page memorandum.[1]

---

[1] Before he prepared his application, Mr. Gross telephoned his opposing counsel to request a stipulation that both sides could exceed the 15-page limit. Counsel agreed but the attorneys

When he presented his papers to the clerk in department 84, Mr. Gross was informed that the judge (Hon. John Zebrowski) did not require formal applications and the clerk gave Mr. Gross a copy of department 84's policy. A "Notice to Attorneys Re: Fifteen Page Rule" informed Mr. Gross that "[t]his department does not encourage the filing of papers in excess of 15 pages. However, if you feel that more than 15 pages are legitimately required to present your position, the court requests the following. [¶] 1. Include in your papers a brief request for relief from the 15-page rule. Reasons need not be given; they should be apparent from the papers filed. [¶] 2. Double-space on 28-line paper. [¶] 3. Use captions and headings liberally to segment your presentation."

Mr. Gross read the notice and then asked the clerk to file his ex parte application so that it would constitute his "request" for permission to file his 22½- page memorandum. The clerk accepted the application for filing but advised Mr. Gross that there would be no order. On November 3, 1989, Mr. Gross filed and personally served his moving papers and a hearing was set for December 1, 1989. Opposition was filed on November 21, 1989.

On November 27, 1989, the summary judgment motion was continued on the court's own motion to March 5, 1990.

On January 2, 1990, Judge Zebrowski moved to department 85 and the Hon. Ronald M. Sohigian moved to department 84.

On March 1, 1990, Mr. Gross filed a one-and-one-half-page declaration for the sole purpose of explaining how the procedural posture of the case had changed since the court continued the hearing on the motion.

On March 5, 1990, Judge Sohigian denied Mr. Gross's motion for summary judgment. Two and one-half pages of Judge Sohigian's five-page, single-spaced minute order explained his reasons for denying the motion, and the correctness of that ruling is not before us. Rather, Mr. Gross is here because the next two and one-half pages of Judge Sohigian's minute order included the following findings and orders:

"7. Defendants . . . and their attorneys . . . have violated Superior Court Local Rules, Rule 801, section 13 by filing a memorandum of points and authorities which exceeds 15 pages in length.

---

were concerned that their stipulation would be insufficient. Mr. Gross agreed to and did prepare his application to request permission for both sides to exceed 15 pages.

"8. The memorandum (filed November 3, 1989) is 23 pages long.

"9. The court finds this to be an unlawful interference with the proceedings of the court and a *misuse of the public resource provided by the judicial system which has resulted in improper expenses to the County.* California Rules of Court, Rule 227.[2]

"10. Defendants . . . and their attorneys . . . have also violated CCP 437c(b) by filing reply papers fewer than 5 days before the date set for hearing.[3]

"11. The hearing is [*sic*] set for March 5, 1990. The 'Declaration of Irv M. Gross in Reply to Plaintiff's Memorandum of Points and Authorities in Opposition to Motion for Summary Judgment' was filed March 1, 1990.

"12. The court finds this, also, to be an unlawful interference with the proceedings of the court and a misuse of the public resource provided by the judicial system which has resulted in improper expenses to the County. California Rules of Court, Rule 227.

"13. The court's intention is to order attorneys Irv M. Gross [and his firm] to pay monetary sanction of $650, payable to the Clerk of the Superior Court, payment to be delivered directly to the clerk in this department on or before 12:00 noon on March 13, 1990.

"14. Actual imposition of those sanctions is stayed, subject to the following provisions.

"15. *If attorneys Irv M. Gross and/or [his firm] wish a hearing regarding the sanctions, they may obtain it by filing and serving before 12:00 noon on March 12, 1990 a notice of motion regarding same,* hearing to be set in the

---

[2] Rule 227 provides, as relevant, that "[t]he failure of any person to comply with these rules, local rules, or order of the court, *unless good cause is shown,* . . . is an unlawful interference with the proceedings of the court. The court may order the person at fault to pay the opposing party's reasonable expenses and counsel fees, and reimburse or make payment to the county, and may order an appropriate change in the calendar status of the action, in addition to any other sanction permitted by law." (Italics added.)

[3] Subdivision (b) of section 437c of the Code of Civil Procedure requires that a *"reply to the opposition* shall be served and filed by the moving party not less than five days preceding the noticed or continued date of hearing . . . ." (Italics added.)

All statutory references are to the Code of Civil Procedure.

normal manner, in which case the imposition of the sanction order will be stayed until the court rules or the matter is put off calendar. If no such notice of motion is served and filed as indicated above, then the stay on imposition of the sanctions expires on its own terms at 12:00 noon on March 12, 1990, and said sanctions are due and payable as indicated above without further notice, hearing, or order.

"16.  Attorneys Irv M. Gross and [his firm] are further ordered to serve and file directly in this department within 2 days after they actually make payment of the sanctions referred to above a notice in declaration form in compliance with CCP 2015.5 showing that they have actually made payment as provided above.[4]

"17.  *Attorneys Irv M. Gross [and his firm] are further ordered to show a copy of this minute order to all judicial officers from whom they may in the future seek an order permitting the filing of a memorandum in excess of 15 pages in this case, with this section highlighted for ready reference.*" (Italics added.)

Copies of the minute order were mailed by the clerk and on March 8, 1990, Mr. Gross filed a motion for reconsideration of the sanction order. Mr. Gross's moving papers included a declaration reciting all of the facts set out above and, in addition, explaining the legal theories which in Mr. Gross's opinion justified the 22½-page memorandum. Copies of Judge Zebrowski's "Notice to Attorneys Re: Fifteen Page Rule" and of Mr. Gross's application submitted back in November 1989 were attached to Mr. Gross's motion for relief. As the other parties were disinterested, no opposition was filed.

On April 3, 1990, Judge Sohigian denied Mr. Gross's motion for relief and issued the following order:

"The motion is denied. The court has reviewed the record as it existed at the time of the March 5, 1990, order and as it exists now and is persuaded that its order was correct when made and remains correct. *There was no legitimate reason for the extreme length of the memorandum.* Rather, counsel simply made the judgment to submit an *excessively long* memorandum, with the consequences that would have of displacing and compressing consideration of other matters on the court's calendar and thereby imposed on

---

[4] Section 2015.5 prescribes the talismanic words for a declaration under penalty of perjury.

the public at large, on other litigants and counsel, and on the court." (Italics added.)

On May 3, 1990, Mr. Gross filed the required declaration informing Judge Sohigian that the sanctions had been paid as ordered, and on the same day Mr. Gross filed his notice of appeal from the March 5 order insofar as it addressed the sanction issue and from the order thereafter denying his motion for reconsideration.

Mr. Gross's brief on appeal explains what happened and asks us to reverse the sanction order on the ground that Judge Sohigian abused his discretion. Just as they were disinterested below, the other parties to this lawsuit are disinterested here and they have not filed respondents' briefs. Judge Sohigian has, as "real party in interest," had county counsel file a brief urging affirmance of the sanction order.

We find an abuse of discretion and we therefore reverse.[5]

## DISCUSSION

■    The only question before us is whether the award of sanctions constitutes an abuse of discretion. (*Moyal* v. *Lanphear* (1989) 208 Cal.App.3d 491, 501 [256 Cal.Rptr. 296]; *Caldwell* v. *Samuels Jewelers, supra,* 222 Cal.App.3d 970, 977.)

The 22½-page memorandum was filed with the trial court's permission and therefore complied absolutely with the 15-page rule. Implicit in the sanction award and in the order denying reconsideration is the suggestion that Mr. Gross should have obtained Judge Sohigian's imprimatur on papers previously filed with Judge Zebrowski's permission. We need no authority to conclude that this is wrong and unfair and that an award of sanctions based on the offending seven and one-half pages constituted an abuse of discretion.

■    The document filed on March 1, although denominated a "reply," did not address the merits of the motion and merely provided a procedural update for the convenience of the court. It was not a "reply to the opposition" within the meaning of subdivision (b) of section 437c and the time of

---

[5] As to whether the orders are appealable, compare *Caldwell* v. *Samuels Jewelers* (1990) 222 Cal.App.3d 970, 975-976 [272 Cal.Rptr. 126], with section 904.1, subdivision (k). Since we could in any event treat the appeal as a petition for writ of mandate, we reach the merits of the issues before us.

its filing was therefore immaterial. By no rational legal analysis did it justify an award of sanctions.

■ We also question the manner in which Judge Sohigian imposed sanctions. We recognize that a court may raise the issue of sanctions on its own motion and may, in appropriate cases, order sanctions payable to the county pursuant to California Rules of Courts, rule 227 or section 177.5.[6] In doing so, however, the trial court must give notice of its intent to impose sanctions. (*Caldwell* v. *Samuels Jewelers, supra*, 222 Cal.App.3d 970, 976 ["it matters not whether the sanctions were imposed pursuant to section 177.5, which specifically requires notice and an opportunity to respond, or pursuant to rule 227, which is silent on the issue, because the imposition of sanctions always requires procedural due process"].)

Although we are not prepared to say that a formal order to show cause is required, we do say with certainty that the notice must be given *before* findings are made and at a time preceding the trial judge's decision whether, in fact, to impose sanctions. *(In re Marriage of Quinlan* (1989) 209 Cal.App.3d 1417, 1422-1423 [257 Cal.Rptr. 850].) Judge Sohigian's findings preceded his review of Mr. Gross's explanation and, as is evident from the order denying reconsideration, the judge had made up his mind before he heard Mr. Gross's evidence establishing "good cause" under California Rules of Courts, rule 227. Fairness requires a different approach.

■ We find most disturbing Judge Sohigian's effort to affect subsequent decisions by other trial judges by ordering Mr. Gross and all of the attorneys at his firm to show copies of the sanction order to "all judicial officers from whom they may in the future seek an order permitting the filing of a memorandum in excess of 15 pages in this case, with [the sanction] section highlighted for ready reference." The order is wholly inappropriate and offensive.

## DISPOSITION

The orders imposing sanctions and denying reconsideration are reversed and the trial court is directed to issue a new order vacating the award of sanctions. The county is ordered to refund Mr. Gross's $650 forthwith, plus

---

[6] Section 177.5 permits a "judicial officer . . . to impose reasonable money sanctions, not to exceed [$1,500], notwithstanding any other provision of law, payable to the county . . . for any violation of a lawful court order by [a party or a party's attorney], done without good cause or substantial justification. This power shall not apply to advocacy of counsel before the court . . . . [¶] Sanctions pursuant to this section shall not be imposed except on notice contained in a party's moving or responding papers; or on the court's own motion, after notice and opportunity to be heard . . . ."

interest from May 3, 1990. Mr. Gross is to recover his costs on appeal from the county.[7]

Spencer, P. J., and Ortega, J., concurred.

---

[7] We acknowledge the extraordinary case loads of Los Angeles County's Law and Discovery Departments, where each judge may have 30 or more motions to decide each day and where time is a precious commodity. It is manifest, however, "that a lack in the quality of justice cannot be balanced by the fact that justice, such as it is, is administered in large quantities." (*Cannon* v. *Commission on Judicial Qualifications* (1975) 14 Cal.3d 678, 706 [122 Cal.Rptr. 778, 537 P.2d 898]; see also Rothman, Cal. Judicial Conduct Handbook (CJA 1990) § 130.800, pp. I-21.)