Filed 4/5/16  P. v. Garcia CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ADAN MARCOS GARCIA,<br><br>    Defendant and Appellant. | 2d Crim. No. B263025<br>(Super. Ct. No. 2014016988)<br>(Ventura County) |

Adan Marcos Garcia appeals the trial court's order imposing monetary sanctions.[1]  (Code Civ. Proc., § 177.5.)[2]  He contends that the trial court violated the statutory requirements of notice and a written order.  We agree with the latter contention and remand for the trial court to issue a written order.

FACTS AND PROCEDURAL HISTORY

Garcia was released on his own recognizance.  After he twice failed to appear at hearings, the trial court issued a bench warrant and set bail at $20,000.  At

---

[1] Garcia's appeal follows his conviction by guilty plea of petty theft (Pen. Code, § 484, subd. (a)) and his sentence of probation for 36 months with terms and conditions.  Garcia does not challenge his conviction or sentence.

[2] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

a hearing on Garcia's request to recall the warrant and release him on his own recognizance, he explained that he missed court because he had to take his girlfriend to the emergency room. The trial court denied his request, stating, "you don't keep your promises." Garcia told the trial court, "That's fucking stupid. For the record, I said that's fucking stupid." He continued, "You ruined my family now. I'm supporting my family, and I can't work no more. I'm going to lose my job because of this shit. Fuck you, man."

The trial court informed Garcia that it would hold contempt proceedings "right now" and asked him if he wanted to say anything. He responded, "Thank you for ruining my life." The trial court stated that it would not immediately find him in contempt "because I want to make sure that the record is clear that I'm not acting out of anger or frustration against you." The trial court remanded Garcia but did not process him while it reflected on what to do.

As Garcia was being taken away, he asked the trial court, "Can I say something to my girlfriend before I leave?" The trial court told him, "No." He then said to his girlfriend, "Bean, I love you."

After the recess, the trial court informed Garcia, "Pursuant to Code of Civil Procedure Section 177.5, we are having a hearing right now regarding your conduct. So this is your notice." The trial court stated, "As you were being taken away, you asked if you could talk to someone in the audience. I instructed you, no, that you could not. You disregarded the Court and spoke to someone in the audience."

The trial court asked Garcia if he "wish[ed] to be heard . . . regarding the conduct." Garcia apologized for his actions and explained that he "was angry" and "stressed out" because his girlfriend was pregnant and he was taking care of her. From the bench, the trial court orally imposed sanctions of $1,000 pursuant to section 177.5.

2

DISCUSSION

Section 177.5 provides that "[a] judicial officer shall have the power to impose reasonable money sanctions, not to exceed fifteen hundred dollars ($1,500) . . . , for any violation of a lawful court order by a person, done without good cause or substantial justification." Sanctions may be imposed "on the court's own motion, after notice and opportunity to be heard." (*Ibid*.) In addition, "[a]n order imposing sanctions shall be in writing and shall recite in detail the conduct or circumstances justifying the order." (*Ibid.*) We review the trial court's sanctions order for abuse of discretion. (*Bergman v. Rifkind & Sterling, Inc.* (1991) 227 Cal.App.3d 1380, 1386.)

Garcia contends that he had inadequate notice of the potential for sanctions. We disagree. Unlike in *People v. Hundal* (2008) 168 Cal.App.4th 965, upon which he relies, the trial court here did not impose the sanction without warning "as an apparent afterthought." (*Id.* at p. 970.) Rather, the trial court expressly gave him "notice" that it was conducting "a hearing [pursuant to section 177.5] regarding [his] conduct." As with contempt, a violation of section 177.5 that occurs in the trial court's immediate view and presence "may be punished summarily." (*Seykora v. Superior Court* (1991) 232 Cal.App.3d 1075, 1082; see *Bergman v. Rifkind & Sterling, Inc.*, *supra*, 227 Cal.App.3d at p. 1387 [no "formal order to show cause is required," only "that the notice . . . be given before findings are made and at a time preceding the trial judge's decision whether, in fact, to impose sanctions"].) Neither Garcia nor defense counsel requested additional time to prepare for this hearing, and their failure to do so forfeits any objection on appeal. (See *Carlton v. Quint* (2000) 77 Cal.App.4th 690, 698.)

As the trial court concedes, its imposition of sanctions without a written order stating its reasons was improper. Accordingly, we will remand "so the trial court can enter a proper sanctions order." (*People v. Ward* (2009) 173 Cal.App.4th 1518, 1531.)

3

DISPOSITION

This matter is remanded for the trial court to issue a written order stating in detail the conduct or circumstances justifying the imposition of sanctions. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.

4

Gilbert A. Romero, Judge

Superior Court County of Ventura

_____


Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy Public Defender, and William Quest, Senior Deputy Public Defender, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Benton, Orr, Duval & Buckingham and Kevin M. McCormick for the Ventura County Superior Court as Amicus Curiae, upon the request of the Court of Appeal.