Filed 10/18/21  Marriage of Karen and Jason H. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re the Marriage of KAREN AND JASON H.<br><br>KAREN H.,<br><br>    Respondent,<br><br>v.<br><br>JASON H.,<br><br>    Appellant. | E075441<br><br>(Super.Ct.No. SWD1300287)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  James T. Warren, Judge.

(Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art.

VI, § 6 of the Cal. Const.)  Affirmed in part; reversed in part.

Jason H., in pro. per., for Appellant.

Karen H., in pro. per., for Respondent.

1

In 2013, Karen H. brought this marital dissolution action against Jason H.[1] The trial court entered a partial judgment in July 2016 and a judgment on reserved issues in December 2016. In June 2020, Jason moved to vacate all of the trial court's "financial orders." The court denied the motion and imposed $2,500 in sanctions against Jason. He appeals from the order denying the motion to vacate and the sanctions order. We affirm the order denying the motion to vacate, but we reverse the sanctions order.

BACKGROUND

Jason moved to vacate the court's orders under Code of Civil Procedure section 473 and Family Code sections 2121 and 2122. The motion sought relief from the court's "financial orders and judgments" but did not identify any challenged order with specificity. Jason asserted that the court lacked jurisdiction to make the orders and that Karen had procured the orders through fraud and perjury. The motion also alleged that the superior court judge who had presided over this case, Judge James T. Warren (Ret.), should have recused himself because of "strong potential conflicts of interest." Jason claimed that Karen had been in "constant and repeated direct professional association with Judge Warren" in her capacity as a paralegal for a divorce lawyer.

---

[1] A prior appeal in this matter involved proceedings under the Domestic Violence Prevention Act (DVPA) (Fam. Code, § 6200 et seq.), so we referred to the parties by first name and last initial to protect Karen H.'s privacy interests. (Cal. Rules of Court, rule 8.90(b)(1) & (11); *In re Marriage of Karen and Jason H.* (Aug. 21, 2019, E068153) [nonpub. opn.].) We continue to refer to the parties by first name and last initial here, and for ease of reading, we will omit the parties' last initial in subsequent references. No disrespect is intended.

2

Jason filed the motion to vacate on June 30, 2020. On July 14, 2020, the court held a hearing on a request to modify child support filed by Jason. At that hearing, Judge Warren noted that he had reviewed Jason's motion to vacate. The judge asked Karen's counsel whether he had reviewed the motion. Counsel responded that Jason had not yet served the motion, but counsel had found the motion on the court's website and had reviewed it minutes earlier.

Judge Warren asked Jason whether he believed any of the claims in the motion about the judge's contacts with Karen. The judge stated that he had "[n]ever once" talked to Karen outside of the courtroom. Jason replied that he believed his claims, and he objected to Judge Warren hearing any further matters.

Karen's counsel stated that once Jason served counsel with the motion to vacate, Karen would be requesting sanctions under Family Code section 271. But counsel said that he could also argue the motion then without filing a response, and he argued that the motion was meritless. He noted that Jason had already moved to disqualify Judge Warren, and another judge had heard and denied that motion.

The court denied Jason's motion to vacate, reasoning that there was "absolutely no factual basis for anything in this motion." The court moved on to Jason's request to modify child support and denied that also. At the end of the hearing, the court stated that Karen's counsel was asking for sanctions, and the court imposed sanctions of $2,500 against Jason.

3

DISCUSSION

I. *Motion to Vacate*

Jason argues that we should decide the motion to vacate de novo. He contends that the court lacked jurisdiction and that Karen procured the challenged orders through fraud and perjury. He further argues that Judge Warren erred by failing to recuse himself because of his alleged contacts with Karen and that the judge could not hear the motion without Jason's consent because the case had been reassigned to another judge. Lastly, Jason argues that the court erred by failing to give the parties notice of the hearing on the motion. All of those arguments lack merit.

A. *Claimed Fraud, Perjury, and Lack of Jurisdiction*

Jason's arguments about the merits of the motion to vacate are unavailing. The trial court may set aside a void judgment or order under Code of Civil Procedure section 473, subdivision (d). (*Lee v. An* (2008) 168 Cal.App.4th 558, 563.) When the court "lack[s] fundamental authority over the subject matter, question presented, or party," its orders and judgment are void. (*In re Marriage of Goddard* (2004) 33 Cal.4th 49, 56.) "The trial court's determination whether an order is void is reviewed de novo; its decision whether to set aside a void order is reviewed for abuse of discretion." (*Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1020.)

Under the Family Code, the court may set aside a judgment on several grounds, including actual fraud or perjury. (Fam. Code, §§ 2121, subd. (a), 2122, subds. (a)-(b).) Actual fraud means that the defrauded party "was kept in ignorance or in some other manner was fraudulently prevented from fully participating in the proceeding." (Fam.

4

Code, § 2122, subd. (a).)  The provision for relief based on perjury applies to perjury in specified filings, namely, "the preliminary or final declaration of disclosure, the waiver of the final declaration of disclosure, or in the current income and expense statement." (Fam. Code, § 2122, subd. (b).)  A motion based on fraud or perjury "shall be brought within one year after the date on which the complaining party either did discover, or should have discovered," the fraud or perjury.  (Fam Code, § 2122, subds. (a)-(b).)  We review the court's ruling on such a motion for abuse of discretion.  (*In re Marriage of Rosevear* (1998) 65 Cal.App.4th 673, 686.)

The court did not abuse its discretion by denying the motion to vacate under section 473 of the Code of Civil Procedure.  Jason argues that the court's orders are void because the parties were never married, and a valid marriage was required for the court "to obtain jurisdiction over the matter of the dissolution."  But the claimed invalidity of the marriage does not demonstrate that the court lacked subject matter jurisdiction.  The superior court has jurisdiction in all proceedings under the Family Code.  (Fam. Code, § 200.)  In a dissolution proceeding, that includes "jurisdiction to inquire into and render any judgment and make orders that are appropriate concerning" the "status of the marriage."  (Fam. Code, § 2010, subd. (a).)  Thus, far from lacking subject matter jurisdiction, the superior court was the proper forum to resolve any claim that the parties' marriage was invalid.  Jason's claim of invalidity does not render the court's orders void for lack of jurisdiction.

Further, the court did not abuse its discretion by denying the motion to vacate under the Family Code.  Jason argues that Karen committed fraud and perjury by making

5

inconsistent statements, and he makes the following allegations: In 2000, Karen obtained a spousal support order against her former husband by claiming that she and Jason were not married in 1998. And in Karen's 2010 bankruptcy action, she stated that she had no claim to Jason's home, business, or separate property. But in this action, she claimed that the parties were married in 1998. In Jason's bankruptcy action, Karen "request[ed] findings of spousal support." And in 2018, Karen attempted to collect on the trial court's orders in Montana, where she again claimed to have been married to Jason.

Jason's fraud and perjury argument fails for at least three reasons. First, as to fraud, none of Jason's claims demonstrates that he was "kept in ignorance or in some other manner was fraudulently prevented from fully participating in the proceeding." (Fam. Code, § 2122, subd. (a).) Nor does Jason demonstrate that Karen committed perjury in the documents specified by the Family Code. He does not even identify the documents at issue, beyond cursory references to "perjured financial statements." Second, assuming that Jason's allegations fell within the definition of fraud and perjury, Jason does not cite any evidence to support the allegations. His motion referred to numerous purported exhibits from the bankruptcy actions, the 2000 action involving Karen's former husband, and this action. His opening brief cites the same exhibits. But no exhibits appear in the record. Third, Jason's motion was untimely. If Karen committed fraud by falsely claiming to be married, he should have been aware of that false claim by 2013. That was when she initiated this action, claimed to be married, and sought to dissolve the marriage. Jason fails to explain how his June 2020 motion fell within the one-year limitations period of Family Code section 2122.

6

For all of these reasons, the court did not abuse its discretion by denying the motion to vacate.

B. *Propriety of Judge Warren Hearing the Motion*

Jason's arguments regarding Judge Warren are also unavailing. If a party believes that a judge should disqualify herself or himself for cause, and the judge refuses to do so, that party may seek disqualification by filing a verified statement. (Code Civ. Proc., § 170.3, subd. (c)(1).) The verified statement must set forth "the facts constituting the grounds for disqualification of the judge. The statement shall be presented at the earliest practicable opportunity after discovery of the facts constituting the ground for disqualification." (Code Civ. Proc., § 170.3, subd. (c)(1).) "This strict promptness requirement is not to be taken lightly, as a failure to comply constitutes forfeiture or an implied waiver of the disqualification." (*Tri Counties Bank v. Superior Court* (2008) 167 Cal.App.4th 1332, 1337.) Once the party files the verified statement, the judge may file a verified answer, and another judge shall hear and determine the question of disqualification. (Code Civ. Proc., § 170.3, subd. (c)(5).)

Jason argues that Judge Warren could not hear the motion to vacate because of an alleged conflict of interest, but Jason did not properly seek disqualification of the judge. The unverified and unsworn motion to vacate alleged facts without any support. Once Judge Warren refused to recuse himself, Jason could pursue disqualification only by filing the verified statement of reasons. (*People v. Bryant* (1987) 190 Cal.App.3d 1569, 1573.) His failure to do so forfeited the disqualification argument. (*Id.* at p. 1574.) Moreover, even if Jason had set forth his allegations in a verified statement, there was no

7

indication that Jason had only recently discovered the judge's claimed contacts with Karen, so the attempt to disqualify the judge would have been untimely and forfeited for that reason as well.

Jason's argument that Judge Warren could not hear the motion without Jason's consent fares no better. Generally, arguments not raised in the trial court are forfeited on appeal. (*Rancho Mirage Country Club Homeowners Assn. v. Hazelbaker* (2016) 2 Cal.App.5th 252, 264.) Moreover, the appellant bears the burden of showing prejudicial error. (*Scheenstra v. California Dairies, Inc.* (2013) 213 Cal.App.4th 370, 403.) The appellant "must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 287.) If the appellant does not, we may disregard the argument or treat it as forfeited. (*Ibid.*)

Jason asserts that in January 2020, this case was reassigned from Judge Warren to another judge. He argues that the subsequent change back to Judge Warren required the parties' consent. But he did not object to Judge Warren on that ground in the trial court, so he forfeited the argument. Moreover, Jason fails to carry his burden of demonstrating error. He provides no record citation to show that the case had been reassigned and no legal authority for the proposition that a change in judge required the parties' consent. He forfeited the argument for that additional reason.

In sum, Jason forfeited the arguments that Judge Warren should not have heard the motion because of an alleged conflict of interest or a lack of consent.

8

C. *Notice of the Hearing on the Motion to Vacate*

Finally, Jason has not shown that the court prejudicially erred by hearing the motion to vacate without notice. First, he forfeited the argument by failing to raise the objection in the trial court. Second, even if the court erred by hearing the motion at the hearing on the request to modify child support, Jason fails to demonstrate prejudice. He asserts that Karen did not have an opportunity to file an opposition to the motion, but Karen's counsel waived that opportunity and agreed that the motion could be heard with the support modification request. More importantly, Jason does not explain how Karen's lost opportunity prejudiced him. As to prejudice that he suffered, he asserts only that he did not have a reasonable opportunity to prepare for oral argument. But that conclusory assertion does not establish a reasonable probability that Jason would have obtained a more favorable result if the court had given him notice. (*Soule v. General Motors Corp.* (1994) 8 Cal.4th 548, 570.) The motion to vacate lacked merit for the numerous reasons already discussed. We do not see any probability that preparation for oral argument would have led to a better result for Jason.

For these reasons, we reject Jason's argument that the court erred by hearing the motion without notice.

II. *Sanctions Order*

Jason argues that we must reverse the sanctions order because the court failed to comply with the procedural requirements for imposing sanctions. We agree.

We review a sanctions order for abuse of discretion. (*Moyal v. Lanphear* (1989) 208 Cal.App.3d 491, 501.) "Inherent in our review of the exercise of discretion in

9

imposing monetary sanctions is a consideration of whether the court's imposition of sanctions was a violation of due process." (*Ibid*.) The due process clauses of the federal and state constitutions mandate "[a]dequate notice and an opportunity to be heard prior to the imposition of sanctions." (*Caldwell v. Samuels Jewelers* (1990) 222 Cal.App.3d 970, 976 (*Caldwell*).) "The trial court may raise the issue of sanctions on its own motion but, in doing so, it *must* give notice of its intent to impose sanctions. [Citation.] That 'notice must be given *before* findings are made and at a time preceding the trial judge's decision whether, in fact, to impose sanctions.'" (*Barrientos v. City of Los Angeles* (1994) 30 Cal.App.4th 63, 70 (*Barrientos*).) The notice must specify the authority for imposing sanctions and "the specific grounds and conduct on which sanctions are to be based." (*Parker v. Harbert* (2012) 212 Cal.App.4th 1172, 1178.)

Due process likewise requires that the order imposing sanctions state the basis for sanctions with particularity. (*Boyle v. City of Redondo Beach* (1999) 70 Cal.App.4th 1109, 1120 (*Boyle*); *Caldwell*, *supra*, 222 Cal.App.3d at p. 978.) "Besides satisfying due process, the requirement that a court specify the circumstances justifying sanctions also enables the reviewing court to determine whether the award" constituted an abuse of discretion. (*Boyle*, *supra*, at p. 1120.)

The trial court's failure to comply with the due process requirements for imposing sanctions renders the sanctions order invalid and requires reversal. (See, e.g., *In re Marriage of Reese & Guy* (1999) 73 Cal.App.4th 1214, 1220-1221, 1224 [reversing sanctions order for lack of due process]; *Boyle*, *supra*, 70 Cal.App.4th at pp. 1120-1122

10

[same]; *Barrientos*, *supra*, 30 Cal.App.4th at pp. 70-72 [same]; *In re Marriage of Quinlan* (1989) 209 Cal.App.3d 1417, 1422-1423 [same].)

Here, the court abused its discretion by imposing sanctions against Jason without due process. The court did not give him notice or an opportunity to be heard on the issue. The register of actions does not reveal any pending request for sanctions in connection with Jason's request to modify child support or his motion to vacate. At the hearing, Karen's counsel stated that once Jason served the motion to vacate, Karen intended to request sanctions under Family Code section 271.[2] But there was no other discussion of sanctions at the hearing. Jason thus had notice that Karen might request sanctions in the future, but he had no notice that the court was considering sanctions at that time, and the court did not give him a chance to show why sanctions should not be imposed.

In addition, the court's order failed to specify the basis for imposing sanctions. The entirety of the court's ruling was as follows: "[Karen's counsel] is asking for sanctions. I am going to order sanctions in the amount of $2,500." The minutes of the hearing add no clarity, stating only that "[t]he Court awards sanctions of $2500.00 against [Jason]." Consequently, we do not know whether the court imposed sanctions pursuant to Family Code section 271 or one of the other numerous statutes or court rules

---

**2** Subdivision (a) of Family Code section 271 authorizes an award of attorney fees and costs "in the nature of a sanction," so the sanctions must be tethered to the moving party's attorney fees and costs. (*Menezes v. McDaniel* (2019) 44 Cal.App.5th 340, 351.) The court must consider "all evidence concerning the parties' incomes, assets, and liabilities," and the sanctions shall not impose "an unreasonable financial burden" on the sanctioned party. (Fam. Code, § 271, subd. (a).)

11

authorizing monetary sanctions. (See, e.g., Code Civ. Proc., §§ 128.5 [sanctions for frivolous actions or delaying tactics], 128.7 [sanctions for violating the certificate of merit created by signing or presenting papers to the court], 177.5 [sanctions for violating court orders], 575.2 [sanctions for violating local rules]; Cal. Rules of Court, rule 5.14 [sanctions for violating rules of court in family law cases].) Nor do we know whether the court imposed sanctions for the motion to vacate, the request to modify child support, or both.

In short, the court failed to afford Jason due process when it imposed sanctions. Accordingly, we must reverse the sanctions order.

III. *Karen's Requests*

In her respondent's brief, Karen requests that we dismiss this appeal under the disentitlement doctrine. "The disentitlement doctrine enables an appellate court to stay or to dismiss the appeal of a party who has refused to obey the superior court's legal orders." (*In re Marriage of Hofer* (2012) 208 Cal.App.4th 454, 459.) Karen urges us to apply the doctrine on the basis of Jason's failure to pay spousal support, child support, and Karen's attorney fees and costs as ordered by the court. We decline to exercise our discretion to dismiss this appeal. Jason's alleged violation of those orders does not appear in the record on appeal. Moreover, we elect to address Jason's arguments to make clear that the motion to vacate had no merit.

Karen also requests that we impose sanctions against Jason for "[t]aking a frivolous appeal or appealing solely to cause delay." (Cal. Rules of Court, rule 8.276(a)(1).) Because Jason's appeal from the sanctions order has merit, we cannot say

12

that the appeal is wholly frivolous or intended solely to cause delay. In addition, a request for sanctions on appeal must be presented by separate motion with a supporting declaration, not in the respondent's brief. (Cal. Rules of Court, rule 8.276(b); *FEI Enterprises, Inc. v. Yoon* (2011) 194 Cal.App.4th 790, 807.) Karen failed to comply with that requirement. We therefore decline to impose sanctions.

Lastly, Karen requests judicial notice of five documents. We deny the request because the documents are unnecessary to our resolution of the appeal. (*County of San Diego v. State of California* (2008) 164 Cal.App.4th 580, 613, fn. 29.)

## DISPOSITION

The order denying the motion to vacate is affirmed. The order imposing sanctions of $2,500 against Jason is reversed. The parties shall bear their own costs of appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

FIELDS
Acting P. J.

RAPHAEL
J.

13