[No. B119236. Second Dist., Div. Three. Mar. 23, 1999.]

CHRISTOPHER D. BOYLE, Plaintiff and Appellant, v.
CITY OF REDONDO BEACH et al., Defendants and Respondents.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part 4 of the Discussion.

1110

**COUNSEL**

Christopher D. Boyle, in pro. per., for Plaintiff and Appellant.

Jerold A. Goddard, City Attorney; Caldwell, Leslie, Newcombe & Pettit and Michael R. Leslie for Defendants and Respondents.

**OPINION**

**KITCHING, J.—**

### INTRODUCTION

This appeal arises from a judgment of dismissal after the sustaining of a demurrer without leave to amend to a complaint alleging that defendant city council violated the Ralph M. Brown Act (Gov. Code, § 54950 et seq.,[1] which this opinion will refer to as the Brown Act). Among other provisions, the Brown Act generally requires local legislative bodies to conduct meetings in open, public sessions and to post meeting agendas in advance. Appellant contends that at two separate meetings, the city council discussed matters it had not properly and timely placed on the agenda. We conclude that although the city council did not properly and timely post its agenda as required by statute, the complaint states no cause of action under the Brown Act. As to the first meeting, there was no "action taken" and the city council later exercised its statutory discretion to "correct or cure" the alleged violation. As to the second meeting, plaintiff did not file a timely complaint.

Because we find that the trial court did not make findings to support the award of attorney fees to the city council defendants, we reverse that attorney fee award and remand to the trial court for appropriate findings. We decline to award the city council defendants attorney fees they incurred on appeal, because we find the appeal was not completely lacking in merit. We grant the motion by "outside counsel" defendants for attorney fees and costs on appeal, because as to those defendants plaintiff had no possible cause of action under the Brown Act and thus his complaint and the appeal were totally lacking in merit and frivolous. We remand for the trial court's determination, upon proper application, of the amount of those fees. In an unpublished portion of this opinion, we affirm the trial court's award of costs to outside counsel defendants. In all other respects, we affirm judgment in favor of defendants.

### FACTS AND PROCEDURAL HISTORY

 ██ █ Plaintiff Christopher D. Boyle appeals from a judgment of dismissal after the sustaining of demurrers, without leave to amend, to his

---

[1]Unless otherwise specified, statutes in this opinion will refer to the Government Code.

first amended complaint and from later orders granting attorney fees and costs in favor of defendants.[2]

The initial and first amended complaints alleged two causes of action for injunctive and declaratory relief under the Brown Act. These causes of action alleged violations of the Brown Act in connection with meetings of the Redondo Beach City Council on May 28, June 24,[3] and July 15, 1997.

Boyle filed his initial complaint on July 17, 1997, against the City of Redondo Beach (the City), members of the Redondo Beach City Council (the City Council), the mayor of the City of Redondo Beach, and the Redondo Beach city attorney. Boyle's complaint also named as defendants the law firm of Hedges & Caldwell (which represented the City Council, the mayor, and the city attorney), and Michael Leslie (employed as an attorney by Hedges & Caldwell), to whom this opinion will refer as "outside counsel defendants."

The cause of action for injunctive relief alleged that on May 27, 1997, the City noticed a special City Council meeting for May 28, 1997. At the meeting on May 28, 1997, the City Council allegedly violated section 54956 by adding to the agenda an item of new business not previously noticed. The new business included discussion of *Boyle v. City of Redondo Beach* (C.D.Cal., 1996, No. CV96-1126MRP), a previous suit Boyle had brought against the City. The complaint attached a copy of the minutes of the May 28, 1997, meeting and Boyle's written demand (§ 54960.1, subd. (b)), filed June 27, 1997, requesting that the City Council correct its alleged illegal action. The City rejected Boyle's claim on July 2, 1997. In that rejection letter, the City informed Boyle it would seek all costs of defense pursuant to section 54960.5 and other statutes in the event Boyle filed an action and the court determined the action was not brought in good faith with reasonable cause.

---

[2]A demurrer tests the legal sufficiency of factual allegations in a complaint. (*Title Ins. Co. v. Comerica Bank — California* (1994) 27 Cal.App.4th 800, 807 [32 Cal.Rptr.2d 735].) In reviewing the sufficiency of a complaint against a general demurrer, this court treats the demurrer as admitting all material facts properly pleaded, but not contentions, deductions, or conclusions of fact or law. This court also considers matters that may be judicially noticed. When a demurrer is sustained, this court determines whether the complaint states facts sufficient to constitute a cause of action. When a demurrer is sustained without leave to amend, this court decides whether a reasonable possibility exists that amendment may cure the defect; if it can we reverse, but if not we affirm. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].)

[3]Boyle has not argued the issue of the meeting of June 24, 1997, in his opening brief. Therefore all issues as to the June 24, 1997, meeting are waived. (*In re Marriage of Ananeh-Firempong* (1990) 219 Cal.App.3d 272, 278 [268 Cal.Rptr. 83].)

On October 1, 1997, Boyle filed a first amended complaint. That amended complaint realleged the violations of the Brown Act purportedly occurring at the City Council's May 28, 1997, meeting. It also alleged violations of the Brown Act with regard to a meeting held on July 15, 1997. The amended complaint alleged that on July 14, 1997, the City noticed a special City Council meeting for July 15, 1997. On July 15, 1997, the City Council allegedly violated section 54956 by adding to the agenda an item of new business not previously noticed. The new business included "discussion of potential legal matters and issues pending against the City of Redondo Beach, including the conduct of Defendants and events occurring as described in paragraphs thirteen (13) through eighteen (18) of [Boyle's first amended complaint]." (Paragraphs 13 through 18 of the first amended complaint concerned the City Council's May 28, 1997, meeting.) Attached to the amended complaint was Boyle's demand, filed July 23, 1997, that the City Council correct its alleged illegal action. The City Council failed to take action to correct the alleged illegal action. Section 54960.1, subdivision (c)(3) deems defendants' inaction to be a decision not to cure or correct the challenged action.

A second cause of action for declaratory relief sought a judicial determination of the parties' rights and that defendants' acts violated section 54956 and were null and void under the Brown Act.

On November 5, 1997, the trial court sustained demurrers to Boyle's first amended complaint without leave to amend. On December 11, 1997, pursuant to section 54960.5, the trial court awarded $390 in costs to defendants Hedges & Caldwell and Michael R. Leslie and awarded $500 in attorney fees to the City defendants.

A judgment of dismissal was filed on November 25, 1997. Notice of entry of judgment was filed and served on December 23, 1997. Boyle filed a timely notice of appeal on January 23, 1998.

## Issues

The issues in this appeal are:

1. When a city council violates the Brown Act but takes no "action" and/or "cures or corrects" the violation, can a plaintiff state a cause of action under section 54960.1 of the Brown Act?

2. Does the statute of limitations in the Brown Act bar one of Boyle's claims?

3. Did the trial court properly award attorney fees?

4. Should this court grant attorney fees on appeal?

DISCUSSION

### 1. *The Brown Act*

■ The purpose of the Brown Act is to facilitate public participation in local government decisions and to curb misuse of democratic process by secret legislation by public bodies. (*Cohan* v. *City of Thousand Oaks* (1994) 30 Cal.App.4th 547, 555 [35 Cal.Rptr.2d 782].) To these ends, the Brown Act imposes an "open meeting" requirement on local legislative bodies. (§ 54953, subd. (a).) The City Council is such a "legislative body of a local agency." (§§ 54951, 54952, subd. (a).)

Regarding "regular meetings," section 54954 provides that the legislative body shall determine a regular time and place for holding its meetings. Agendas must be posted at least 72 hours before a regular meeting. (§ 54954.2.) The legislative body of a local agency may hold "special meetings," but must satisfy various requirements before doing so. Among other requirements, section 54956 requires the local legislative body to post "the business to be transacted or discussed" at least 24 hours before the special meeting.[4]

Section 54960.1 permits interested persons to file lawsuits to determine if the local legislative body complied with certain Brown Act statutes, including section 54956. To state a cause of action, a complaint based on 54960.1 must allege: (1) that a legislative body of a local agency violated one or more enumerated Brown Act statutes; (2) that there was "action taken" by

---

[4]Section 54956 provides that: "A special meeting may be called at any time by the presiding officer of the legislative body of a local agency, or by a majority of the members of the legislative body, by delivering written notice to each member of the legislative body and to each local newspaper of general circulation and radio or television station requesting notice in writing. The notice shall be delivered personally or by any other means and shall be received at least 24 hours before the time of the meeting as specified in the notice. The call and notice shall specify the time and place of the special meeting *and the business to be transacted or discussed*. No other business shall be considered at these meetings by the legislative body. The written notice may be dispensed with as to any member who at or prior to the time the meeting convenes files with the clerk or secretary of the legislative body a written waiver of notice. The waiver may be given by telegram. The written notice may also be dispensed with as to any member who is actually present at the meeting at the time it convenes. [¶] The call and notice shall be posted at least 24 hours prior to the special meeting in a location that is freely accessible to members of the public." (Italics added.)

the local legislative body in connection with the violation; and (3) that before commencing the action, plaintiff made a timely demand of the legislative body to cure or correct the action alleged to have been taken in violation of the enumerated statutes, and the legislative body did not cure or correct the challenged action. The statute also sets forth time limitations within which persons must file such lawsuits.[5]

If the legislative body cures or corrects the alleged violation of the Brown Act, the action shall be dismissed and such cure or correction shall not be construed as evidence of a violation of the Brown Act. (§ 54960.1, subds. (e) and (f).)

### 2. Alleged Violations of the Brown Act

#### a. The Trial Correctly Sustained Demurrers as to the Purported Violation Associated With the May 28, 1997, Meeting

On May 27, 1997, the City Council published an agenda for a special meeting on May 28, 1997. This agenda did not reference litigation pertaining to Boyle v. City of Redondo Beach, supra, No. CV96-1126MRP, as an item

---

[5]Subdivisions (a), (b), and (c) of section 54960.1 state:

"(a) The district attorney or any interested person may commence an action by mandamus or injunction for the purpose of obtaining a judicial determination that an action taken by a legislative body of a local agency in violation of Section 54953, 54954.2, 54954.5, 54954.6, or 54956 is null and void under this section. Nothing in this chapter shall be construed to prevent a legislative body from curing or correcting an action challenged pursuant to this section.

"(b) Prior to any action being commenced pursuant to subdivision (a), the district attorney or interested person shall make a demand of the legislative body to cure or correct the action alleged to have been taken in violation of Section 54953, 54954.2, 54954.5, 54954.6, or 54956. The demand shall be in writing and clearly describe the challenged action of the legislative body and nature of the alleged violation.

"(c)(1) The written demand shall be made within 90 days from the date the action was taken unless the action was taken in an open session but in violation of Section 54954.2, in which case the written demand shall be made within 30 days from the date the action was taken.

"(2) Within 30 days of receipt of the demand, the legislative body shall cure or correct the challenged action and inform the demanding party in writing of its actions to cure or correct or inform the demanding party in writing of its decision not to cure or correct the challenged action.

"(3) If the legislative body takes no action within the 30-day period, the inaction shall be deemed a decision not to cure or correct the challenged action, and the 15-day period to commence the action described in subdivision (a) shall commence to run the day after the 30-day period to cure or correct expires.

"(4) Within 15 days of receipt of the written notice of the legislative body's decision to cure or correct, or not to cure or correct, or within 15 days of the expiration of the 30-day period to cure or correct, whichever is earlier, the demanding party shall be required to commence the action pursuant to subdivision (a) or thereafter be barred from commencing the action."

of business to be discussed. On May 28, 1997, during its special meeting, the City Council added an item to its agenda, referencing Boyle v. City of Redondo Beach. The omission of the item from the May 27, 1997, agenda violated section 54956. Nevertheless Boyle's complaint does not state a cause of action, for two reasons.

First, the minutes of the May 28, 1997, meeting reflect that the City Council did no more than confer with and give direction to staff. Thus the City Council's activity did not constitute "an action taken" in violation of section 54956. Section 54952.6 defines " 'action taken' " as "a collective decision made by a majority of the members of a legislative body, a collective commitment or promise by a majority of the members of a legislative body to make a positive or a negative decision, or an actual vote by a majority of the members of a legislative body when sitting as a body or entity, upon a motion, proposal, resolution, order or ordinance." The City Council made no collective decision, commitment, or promise, and took no "actual vote" on any pending motion, proposal, resolution, order, or ordinance relating to the Boyle lawsuit in the May 28 session. Thus for purposes of a section 54960.1, subdivision (a) suit, there was no "action taken by a legislative body" that could be found null and void. Where discussions between a city attorney and a city council occur but no action has been taken, there is no ground for relief under section 54960.1. (*Centinela Hospital Assn.* v. *City of Inglewood* (1990) 225 Cal.App.3d 1586, 1599 [275 Cal.Rptr. 901].)

Second, even if the addition of the Boyle litigation item to the agenda constituted an "action taken" that violated section 54956, the City Council corrected or cured that violation. Boyle filed his demand to cure or correct the violation (§ 54960.1, subd. (b)) on June 27, 1997. The City Council minutes reflect that on July 15, 1997, the City Council rescinded all action taken at the May 28, 1997, meeting in relation to the addition of the *Boyle* v. *City of Redondo Beach, supra,* No. CV96-1126MRP, item after the posting of the agenda. Thus the City Council timely cured any violation within the 30-day period of section 54960.1, subdivision (c)(2).

We therefore conclude that Boyle's complaint fails to state a cause of action because it does not allege two necessary conditions to bringing suit. The court's sustaining of the demurrer had additional justification under section 54960.1, subdivision (e), which states that in an action pursuant to subdivision (a) of that section, if the court determines "pursuant to a showing by the legislative body that an action alleged to have been taken in violation of Section . . . 54956 has been cured or corrected by a subsequent action of the legislative body, the action filed pursuant to subdivision (a) *shall be dismissed* with prejudice." (Italics added.)

For these reasons, the trial court correctly sustained demurrers to Boyle's complaint insofar as its allegations stemmed from violations associated with the May 28, 1997, meeting.

b. *The Limitations Period in Section 54960.1, Subdivision (c)(3) Bars Alleged Violations of the Brown Act Associated With the July 15, 1997, Meeting*

The City Council held a meeting on July 15, 1997. On July 23, 1997, the City received Boyle's claim that the July 15, 1998, meeting violated section 54956. As alleged in Boyle's first amended complaint, the City Council took no action to correct the alleged illegal action. Section 54960.1, subdivision (c)(3) deemed defendants' inaction to be a decision not to cure or correct the challenged action.

Subdivision (c)(3) and (4) of section 54960.1, quoted *ante,* set forth a limitations period for an action commenced under subdivision (a) of the statute. After the City received Boyle's claim on July 23, 1997, 30 days elapsed on August 22, 1997. Thus the period for commencing the action described in section 54960.1, subdivision (a) began on August 23; 15 days elapsed on September 6, 1997, a Saturday, which extended the time to the next Monday, September 8, 1997.

Boyle filed his initial complaint on July 17, 1997, but that complaint concerned only alleged violations of the Brown Act arising from the May 28, 1997, meeting. Boyle did not allege a Brown Act violation arising from the July 15, 1997, meeting until he filed his first amended complaint on October 1, 1997. It was thus barred by the 15-day limitations period in section 54960.1, subdivision (c)(3).

Boyle argues in part that his first amended complaint exercised his legal right to amend the original complaint to include the later claim, but offers no other legal authority or discussion to support this argument. An amended complaint "relates back" to the original complaint and avoids the statute of limitations as a bar only if it (1) rests on the same general set of facts as the original complaint, and (2) refers to the same accident and same injuries as the original complaint. (*Honig* v. *Financial Corp. of America* (1992) 6 Cal.App.4th 960, 966 [7 Cal.Rptr.2d 922].) Boyle's first amended complaint alleged a different set of facts and referred to a later incident and to a different injury, as compared to the original complaint. Thus the limitations period of section 54960.1, subdivision (c)(3) bars his action as to the July 15, 1997, violations.

We conclude that the trial court correctly sustained demurrers regarding the violations alleged to have occurred on July 15, 1997.

### 3. *The Attorney Fee Award Should Be Reversed*

■ Section 54960.5 states in part: "A court may award court costs and reasonable attorney fees to a defendant in any action brought pursuant to Section 54960 or 54960.1 where the defendant has prevailed in a final determination of such action and the court finds that the action was clearly frivolous and totally lacking in merit." The award pursuant to this statute is not mandatory; it is entrusted to the trial court's discretion. (*Frazer* v. *Dixon Unified School Dist.* (1993) 18 Cal.App.4th 781, 800 [22 Cal.Rptr.2d 641]; *Common Cause* v. *Stirling* (1983) 147 Cal.App.3d 518, 520-522 [195 Cal.Rptr. 163].)

■ Boyle claims that the trial court erroneously awarded attorney fees to the City defendants because the record shows no finding by the trial court that the matter was frivolous, as required by section 54960.5.

Section 54960.5 makes no requirement of written findings or of findings placed on the record. This differs from similar statutes, such as Code of Civil Procedure sections 128.5 and 177.5, which require a written order.[6]

Although it does not use the word "sanctions," the second paragraph of section 54960.5 imposes a monetary penalty as a sanction against a plaintiff who has brought an action that is not only "totally" meritless but which is also "clearly frivolous." The imposition of sanctions always requires procedural due process. (*Youngworth* v. *Stark* (1991) 232 Cal.App.3d 395, 406 [283 Cal.Rptr. 668].) This includes "a requirement that the person being sanctioned be told what conduct or circumstances justified the imposition of sanctions." (*Caldwell* v. *Samuels Jewelers* (1990) 222 Cal.App.3d 970, 978 [272 Cal.Rptr. 126].) Besides satisfying due process, the requirement that a court specify the circumstances justifying sanctions also enables the reviewing court to determine whether the award abused the trial court's discretion. (*Ibid.*) "Fairness and effective appellate review require that where the court exercises its discretion to issue sanctions, it delineate the specific acts upon which the sanctions are awarded." (*First City Properties, Inc.* v. *MacAdam* (1996) 49 Cal.App.4th 507, 515 [56 Cal.Rptr.2d 680].)

For these reasons, other courts have read this requirement into statutes or rules of court which do not expressly contain it. (See *Caldwell* v. *Samuels*

---

[6]Code of Civil Procedure section 128.5, subdivision (c) states in relevant part: "An order imposing expenses shall be in writing and shall recite in detail the conduct or circumstances justifying the order."

Code of Civil Procedure section 177.5 states in relevant part: "An order imposing sanctions shall be in writing and shall recite in detail the conduct or circumstances justifying the order."

*Jewelers, supra,* 222 Cal.App.3d at p. 978, regarding Cal. Rules of Court, rule 227; *First City Properties, Inc.* v. *MacAdam, supra,* 49 Cal.App.4th at p. 516, regarding Code Civ. Proc., § 1987.2.) Given the important public purposes underlying the Brown Act, the requirements of due process, and the need to make a record for appellate review, we conclude that pursuant to section 54960.5, a trial court must specify with particularity the basis for the awarding costs or attorney fees. The trial court must set forth the factual basis for the award either in a formal order, a minute order, or in the reporter's transcript of the hearing on the motion. (49 Cal.App.4th at p. 516; *Olson Partnership* v. *Gaylord Plating Lab, Inc.* (1990) 226 Cal.App.3d 235, 241 [276 Cal.Rptr. 493].) We therefore reverse the order awarding attorney fees in favor of the City of Redondo Beach and remand for the trial court to reenter its order with adequate justification in a manner consistent with this opinion. (*Caldwell* v. *Samuels Jewelers, supra,* 222 Cal.App.3d at p. 979.)

4. *The Trial Court Properly Awarded Costs\**

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

5. *Attorney Fees on Appeal*

■ The City defendants, and outside counsel defendants, request attorney fees and costs on appeal pursuant to section 54960.5. "[S]tatutory attorney fee provisions are interpreted to apply to attorney fees on appeal unless the statute specifically provides otherwise." (*Morcos* v. *Board of Retirement* (1990) 51 Cal.3d 924, 929 [275 Cal.Rptr. 187, 800 P.2d 543].) Section 54960.5, quoted *ante,* contains no language specifically excluding appeals from the statutory authorization of "court costs and reasonable attorney fees to a defendant in any action brought pursuant to Section 54960 or 54960.1." The general rule of appellate application therefore governs. (*Gonzales* v. *ABC Happy Realty, Inc.* (1997) 52 Cal.App.4th 391, 395 [60 Cal.Rptr.2d 566].)

Nonetheless section 54960.5 does condition the award of court costs and reasonable attorney fees to a defendant upon a finding by the court "that the action was clearly frivolous and totally lacking in merit." Our reversal of the trial court's order awarding attorney fees means that Boyle's appeal was not "totally lacking in merit." We therefore deny the request by the City defendants for an award of court costs and attorney fees on appeal.

As to the outside counsel defendants, the analysis differs. Outside counsel defendants sought, and were awarded, costs in the trial court. We have

---

\*See footnote, *ante,* page 1109.

affirmed that award, and we find that Boyle's appeal as to the outside counsel defendants was totally lacking in merit. Given the requirements for a complaint alleging violations of the Brown Act as stated in section 54960.1, no reasonable attorney would have named outside counsel defendants in the complaint. The outside counsel defendants are not a legislative body of a local agency; therefore no "action taken" by outside counsel defendants occurred, and Boyle made no timely demand that outside counsel cure or correct the action allegedly taken in violation of the Brown Act. As to outside counsel defendants, therefore, this court grants their request for attorney fees and costs on appeal, and remands the matter to the trial court for its determination, upon proper application, of the amount of those attorney fees and costs. (*Church of Scientology* v. *Wollersheim* (1996) 42 Cal.App.4th 628, 659-660 [49 Cal.Rptr.2d 620].)

## DISPOSITION

The order awarding attorney fees to the City of Redondo Beach defendants is reversed and the matter is remanded to the trial court for reentry, with adequate justification, of that order. The motion by Michael Leslie and by the law firm of Hedges & Caldwell for attorney fees and costs on appeal is granted and the matter is remanded to the trial court, upon proper application, for determination of the amount thereof. The judgment is affirmed in all other respects. Costs on appeal in favor of defendants.

Klein, P. J., and Croskey, J., concurred.