Filed 5/31/13  San Joaquin Raptor Rescue Center v. County of Merced CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SAN JOAQUIN RAPTOR RESCUE CENTER et al., | F064931 |
| Plaintiffs and Respondents, | (Super. Ct. No. CV000688) |
| v. | |
| COUNTY OF MERCED et al., | **OPINION** |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Merced County.  John D. Kirihara, Judge.

James N. Fincher, County Counsel, and Michael P. Calabrese, Deputy County Counsel, for Defendants and Appellants.

Law Offices of Donald B. Mooney, Donald B. Mooney and Marsha A. Burch for Plaintiffs and Respondents.

-ooOoo-

In advance of its October 28, 2009, regular meeting, the Merced County Planning Commission (the Commission) posted an agenda disclosing that the following item would be considered or discussed at the meeting: "Proposed changes to the Public Hearing Notice and Agenda to include language regarding CEQA[1] Environmental Determination and actions on future projects." At the meeting, the proposal was more fully specified and was discussed by members of the Commission and by county counsel. The particular change being proposed was to include the words "MAKE A PROJECT REGULATORY DETERMINATION" on future meeting agendas whenever CEQA documents were going to be considered. No formal vote was taken on the proposed agenda policy, but the members of the Commission and county counsel expressed their general support. Afterwards, San Joaquin Raptor Rescue Center and Protect Our Water (petitioners) filed a petition for writ of mandate against the County of Merced and the Commission (together the County)[2] seeking to set aside the Commission's new agenda policy relating to CEQA matters on the ground that it was not adequately disclosed on the October 28, 2009, meeting agenda in violation of the Ralph M. Brown Act (Gov. Code,[3] § 54950 et seq.; hereafter the Brown Act). The trial court agreed with petitioners and held that the Brown Act had been violated. We disagree and will reverse.

---

[1] An abbreviation of the California Environmental Quality Act, found at Public Resources Code section 21000 et seq.

[2] We frequently refer to the Commission separately in our discussion, even though the Commission is an agency of the County and not a separate entity.

[3] Unless otherwise indicated, all further statutory references are to the Government Code.

## FACTS AND PROCEDURAL HISTORY

The Public Meetings, Agendas and Actions Taken

The agenda issued by the Commission for its October 28, 2009, meeting first listed a number of ordinary items of Commission business, and concerning such items the "ACTION REQUESTED" of the Commission was either "TO APPROVE, DISAPPROVE OR MODIFY" particular projects or land use applications, including several subdivision applications and a request for a conditional use permit. Below these items, under a separate heading entitled "DIRECTOR'S REPORT," the following additional matter was set forth on the agenda: "Proposed changes to the Public Hearing Notice and Agenda to include language regarding CEQA Environmental Determination and actions on future projects."

At the October 28, 2009, meeting, the Commission's director (who apparently prepares the meeting agendas) explained that his proposal was to add the following language to future meeting agendas whenever the Commission will be considering both a project's approval and a CEQA determination as to the same project: "THE ACTION REQUESTED IS TO MAKE A PROJECT REGULATORY DETERMINATION AND TO APPROVE, DISAPPROVE OR MODIFY THE APPLICATION." After some discussion, the members of the Commission who were present expressed their general support and/or lack of objection with the director, implementing the proposal. No formal vote was taken.

Petitioners filed a petition for writ of mandate against the County alleging that the Commission's new agenda policy should be set aside because the proposal to adopt the policy was not adequately described on the agenda for the October 28, 2009, meeting.[4] The petition claimed that "[t]he County violated the Brown Act by failing fully and fairly to describe the Policy item in the Planning Commission agenda" because said agenda

_____

[4]     The policy itself was not challenged in the Brown Act claim, only the adequacy of the meeting agenda that implemented it.

allegedly "failed to make any mention of the fact that the Planning Commission intended to consider and approve a new Policy regarding all future public notices," and also "[t]he agenda did not identify the item as an action item."

On January 26, 2010, the County's board of supervisors directed the Commission to change its agenda policy or practice, directing that Commission agendas shall state the specific type of environmental document to be considered. At the Commission's meeting on February 10, 2010, it implemented the County's directive and approved a policy that all future agendas shall be formatted to explicitly state the specific type of environmental document that will be considered at the meeting.

After a hearing on the merits of the petition for writ of mandate, the trial court ruled as follows on the Brown Act cause of action: "[T]his court finds a Brown Act [v]iolation did occur that was cured and corrected. The agenda did not include the adoption of the Policy as an action item, but listed [it] as the 'Director's Report.'" By separate order, the trial court found that petitioners were entitled to recover their attorney fees and costs under section 54960.5 of the Brown Act. Judgment was entered, stating that petitioners shall recover their costs in an amount to be determined.

The County timely appealed from the judgment.

## DISCUSSION

### I.  Standard of Review

Ordinarily, "[o]n appeal following a trial court's decision on a petition for a writ of mandate, the reviewing court "'need only review the record to determine whether the trial court's findings are supported by substantial evidence.'" [Citations.] However, we review questions of law independently. [Citation.]" (*Alliance for a Better Downtown Millbrae v. Wade* (2003) 108 Cal.App.4th 123, 129.) Where, as here, an appeal involves the application of a statute to undisputed facts, our review is de novo. (*Southern California Edison Co. v. State Board of Equalization* (1972) 7 Cal.3d 652, 659, fn. 8; *Alliance for a Better Downtown Millbrae v. Wade*, *supra*, at p. 129.) Additionally,

4.

statutory construction is a question of law requiring our independent review. (*Botello v. Shell Oil Co*. (1991) 229 Cal.App.3d 1130, 1134.)

## II. The Trial Court Erred in Finding a Brown Act Violation

### A. *Overview of the Brown Act*

The Brown Act, one of California's open meeting laws, provides, among other things, that "[a]ll meetings of the legislative body shall be open and public, and all persons shall be permitted to attend any meeting of the legislative body of a local agency, except as otherwise provided in this chapter." (§ 54953, subd. (a).) The Brown Act begins with a forceful declaration of the Legislature's purpose: "In enacting this chapter, the Legislature finds and declares that the public commissions, boards and councils and the other public agencies in this State exist to aid in the conduct of the people's business. It is the intent of the law that their actions be taken openly and that their deliberations be conducted openly. [¶] The people of this State do not yield their sovereignty to the agencies which serve them. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may retain control over the instruments they have created." (§ 54950.)

To accomplish these vital goals, the Brown Act, inter alia, (i) requires that an agenda be posted at least 72 hours before a regular meeting and (ii) forbids action on any item not on that agenda. (§ 54954.2, subd. (a)(1) & (2); *Epstein v. Hollywood Entertainment Dist. II Bus. Improvement Dist*. (2001) 87 Cal.App.4th 862, 868 (*Epstein*).) In this way, "'[t]he [Brown] Act … serves to facilitate public participation in all phases of local government decisionmaking and to curb misuse of the democratic process by secret legislation of public bodies. [Citation.]' [Citation.]" (*Los Angeles Times Communications v. Los Angeles County Bd. of Supervisors* (2003) 112 Cal.App.4th 1313, 1321-1322.)

The section of the Brown Act requiring an agenda for regular meetings states more fully as follows: "At least 72 hours before a regular meeting, the legislative body of the local agency,[5] or its designee, shall post an agenda containing a brief general description of each item of business to be transacted or discussed at the meeting, including items to be discussed in closed session. A brief general description of an item generally need not exceed 20 words. The agenda shall specify the time and location of the regular meeting and shall be posted in a location that is freely accessible to members of the public and on the local agency's Internet Web site, if the local agency has one." (§ 54954.2, subd. (a)(1).)[6] This agenda requirement acts as a limitation on what the public body is authorized to do at the meeting, because the statute further states that "[n]o action or discussion shall be undertaken on any item not appearing on the posted agenda …." (§ 54954.2, subd. (a)(2).)[7]

B.      *The Commission's Agenda Complied with the Brown Act*

As noted, the Brown Act only requires that an agenda contain "a brief general description of each item of business to be transacted or discussed at the meeting …." (§ 54954.2, subd. (a)(1).) When the agenda for the Commission's October 28, 2009, meeting described the matter in question as "Proposed changes to the Public Hearing

---

**5**      A "'local agency'" includes a city or county "or any board, commission or agency thereof …." (§ 54951.) A "'legislative body'" includes "[t]he governing body of a local agency" and "[a] commission, committee, board, or other body of a local agency, whether permanent or temporary, decisionmaking or advisory, created by charter, ordinance, resolution, or formal action of a legislative body." (§ 54952, subds. (a) & (b).) There is no question that the Commission comes within these broad definitions.

**6**      The provision regarding use of the local agency's Internet Web site is new. (Stats. 2011, ch. 692, § 8, pp. 5422-5423.) That newly added language is not relevant to any issue in the present appeal, but is set forth here to show the most current version of the statute.

**7**      A few limited exceptions to this rule are set forth in section 54954.2, subdivisions (a)(2) and (b).

6.

Notice and Agenda to include language regarding CEQA Environmental Determination and actions of future projects," the notice did exactly that. The notice adequately provided a "brief general description" of what was going to be discussed or considered at the meeting. (§ 54954.2, subd. (a)(1).) We believe that members of the public reading that agenda would not have been misled, but would have been informed that the subject matter being considered and addressed at the meeting was that of "[p]roposed changes" to the "[a]genda" language relating to "future projects" where CEQA determinations would be made.[8]

The trial court took the position that the agenda had to specifically label the item as an "action" item. We disagree. The Brown Act does not require that any particular word or words be used, as long as the description on the agenda is adequate to apprise the public of what is being considered at the meeting. (§ 54954.2, subd. (a)(1).) That was the case here. The agenda not only described the item in terms of the subject matter being addressed, it also clearly announced that *proposed changes* were being considered. Thus, assuming the Brown Act requires language to indicate *action*, that wording did so. Further, and especially in light of the nature of the action proposed, we do not believe that greater specificity as to *how* the proposed changes might be implemented (e.g., by general consensus without a vote, or by formally voting on an agenda policy) was required. Again, the Brown Act only requires that an agenda provide a "brief general description of each item of business to be transacted or discussed at the meeting …," (§ 54954.2, subd. (a)(1)), so that members of the public will be adequately apprised and have an opportunity to participate (*Epstein*, *supra*, 87 Cal.App.4th at p. 868). The Commission did so in this instance.

---

[8] Although the word "policy" was not used, the description was clearly adequate to convey the meaning of either a policy or practice employed by the Commission or its staff in preparing agendas for meetings.

7.

Because we conclude the agenda complied with the Brown Act in this case, we find it unnecessary to address the statutory construction urged by petitioners that a public agency must always and in every case distinguish and state on the agenda whether a particular item is either a matter for "discussion" or "action," or both. We also find it unnecessary to consider the County's alternative argument that what took place at the October 28, 2009, meeting of the Commission with respect to the item in question was not an official "action." (See § 54952.6 [defining "'action'" under the Brown Act]; see also *Boyle v. City of Redondo Beach* (1999) 70 Cal.App.4th 1109, 1118.) Even assuming that what took place at the meeting on October 28, 2009, with respect to this item *was* an "action," and even assuming that the agenda for that meeting *had to* describe that it was more than a discussion point and that action would potentially be taken, the agenda adequately did so.

Since we hold the Brown Act was not violated, the trial court's order allowing petitioners to recover attorney fees and costs under section 54960.5 of the Brown Act is likewise reversed. The County is now the prevailing party in this action. The County has requested that we remand for further proceedings to allow it the opportunity to pursue its attorney fees and costs under section 54960.5. We do not believe any purpose would be served in doing so, since petitioners' arguments, while unsuccessful, were not "clearly frivolous and totally lacking in merit" as required by the statute for the defendant to recover under that statute. (*Ibid.*)

## **DISPOSITION**

The judgment of the trial court is reversed.  Costs on appeal are awarded to the County.

_____
Kane, J.

WE CONCUR:


_____
Levy, Acting P.J.


_____
Cornell, J.

9.