**NOT FOR PUBLICATION**

MAY 12 2022

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SPRAWLDEF, a public benefit corporation; et al., | No. 20-17503 |
| Petitioners-Appellants, | D.C. No. 4:18-cv-03918-YGR |
| v. | MEMORANDUM[*] |
| CITY OF RICHMOND, a California municipality; et al., | |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted May 11, 2022[**]
San Francisco, California

Before: SCHROEDER, W. FLETCHER, and FORREST, Circuit Judges.

Appellants SPRAWLDEF, Citizens for East Shore Parks, and four

individuals appeal from the district court's denial of leave to amend their operative

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

complaint, and from the district court's grant of judgment on the pleadings to appellees City of Richmond, Richmond City Council, Guidiville Rancheria of California, Upstream Point Molate, LLC, and Richmond's mayor. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review de novo the district court's ruling on a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c)." *Daewoo Elecs. Am. Inc. v. Opta Corp.*, 875 F.3d 1241, 1246 (9th Cir. 2017) (citing *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011)). "Dismissal under Rule 12(c) is warranted when, taking the allegations in the complaint as true, the moving party is entitled to judgment as a matter of law." *Id.*

The district court did not err in granting judgment on the pleadings. "To state a cause of action, a complaint based on [the Brown Act] must allege . . . [that] the legislative body did not cure or correct the challenged action." *Bell v. Vista Unified Sch. Dist.*, 98 Cal. Rptr. 2d 263, 271 (Ct. App. 2000) (quoting *Boyle v. City of Redondo Beach*, 83 Cal. Rptr. 2d 164, 168 (Ct. App. 1999)). "[I]f the court determines the alleged Brown Act violation has been cured or corrected by the legislative body, the action filed . . . shall be dismissed with prejudice." *Id.* In November 2019, Richmond City Council approved the amended settlement of the

2

underlying *Guidiville Rancheria of California v. United States* litigation in an agendized, open meeting after public hearing. Because Richmond City Council has cured any alleged Brown Act violation, the district court did not err in granting judgment on the pleadings.

Appellants argue that their first amended petition ("FAP"), styled as a "petition" rather than a "complaint" because the case had been removed from state court, alleged violations of California land use and planning law. We disagree. "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8. The FAP alleged one cause of action under the Brown Act. It prayed for four forms of relief, all based on appellees' alleged violation of the Brown Act. The FAP thus did not allege violations of California land use and planning law.

The district court did not abuse its discretion in denying leave to amend. "The trial court's denial of leave to amend a complaint is reviewed for an abuse of discretion." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)). "The court considers five factors in assessing the propriety of leave to amend—bad faith,

3

undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Id.* Appellants filed the FAP in October 2018 in the district court. They did not move for leave to amend until September 2020. The district court found that amendment two years after the filing of the FAP would cause undue delay and prejudice. The district court thus did not abuse its discretion in denying leave to amend.

Appellants' motions to take judicial notice (Dkt. No. 37) and to strike documents from the supplemental excerpts of record (Dkt. No. 36) and appellees' joint motion to take judicial notice (Dkt. No. 44) are DENIED as moot.

**AFFIRMED.**