Filed 12/27/22  Sheks Construction Co. v. City of South S.F. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SHEKS CONSTRUCTION COMPANY et al.,<br><br>        Defendants, Cross-Complainants, and Appellants,<br><br>v.<br><br>CITY OF SOUTH SAN FRANCISCO,<br><br>        Cross-Defendant and Respondent. | A164798<br><br>(San Francisco County Super. Ct. No. CGC-17-557970) |

Sheks Construction Company and its owner, Luen Shee Shek (collectively, Appellants), appeal the trial court's order granting a motion for sanctions filed by the City of South San Francisco (City).  We affirm.

BACKGROUND[1]

In 2017, Ramon Gomez (Plaintiff) filed the underlying personal injury lawsuit against Appellants and others for injuries allegedly sustained when he rode his skateboard over a hose. The hose was stretched diagonally across an intersection, connecting a fire hydrant to a construction site (Site). According to the police report, Appellants admitted placing the hose in the intersection in connection with their plumbing work at the Site.

Appellants filed a cross-complaint for equitable indemnity and contribution against the City, Zers Development Inc. (Zers), and Henry Zhang. The City successfully moved for summary judgment on Appellants' cross-complaint and this court affirmed. (*Sheks Construction Company et al. v. City of South San Francisco* (June 29, 2022, A163204) [nonpub. opn.].)

---

[1] With its respondent's brief, the City filed an appendix containing numerous documents neither filed nor lodged in the superior court. "An appendix may contain only accurate copies of documents filed with the superior court in the matter or matters under appeal." (*Aixtron, Inc. v. Veeco Instruments Inc.* (2020) 52 Cal.App.5th 360, 381.) The City also appended to its respondent's brief two declarations created for the appellate proceedings. " '[D]ocuments not before the trial court cannot be included as part of the record on appeal.' " (*Mize v. Mentor Worldwide LLC* (2020) 51 Cal.App.5th 850, 855, fn. 4.) We grant Appellants' unopposed motion to strike these documents and all references to these documents in the City's respondent's brief. In their motion, Appellants contend the City's conduct is sanctionable and suggest the City should be ordered to pay attorney fees Appellants incurred in filing the motion to strike. Appellants did not comply with the required procedure for seeking sanctions and we therefore decline to consider imposing monetary sanctions. (*Saltonstall v. City of Sacramento* (2014) 231 Cal.App.4th 837, 858 ["We deny the request because [the respondent] has not filed a motion for sanctions along with a declaration supporting the amount sought."].)

2

Zers and Zhang are also defendants in Plaintiff's lawsuit.[2]  In deposition testimony, Zhang testified Zers owned the Site and Zhang was the president of Zers.  Zhang further testified Zers hired Janice Pe to communicate with contractors at the Site, and the police report stated Pe identified herself to officers as the Site supervisor.

In advance of trial, Appellants issued trial subpoenas to a City building inspector who performed inspections at the Site and a City planning division employee who reviewed applications regarding the Site and communicated with Zers and Zhang about planning division decisions.  Appellants also subpoenaed the custodians of records for the City fire department and planning division, to authenticate certain records relating to a fire hydrant use permit for the Site and other records regarding the Site.

The City filed a motion to quash the trial subpoenas, obtain a protective order against certain further trial subpoenas, and impose sanctions pursuant to Code of Civil Procedure sections 128.5 and 1987.2.[3]  The City argued the testimony of the subpoenaed employees would be cumulative, irrelevant, and/or undisputed, attaching the evidence described above as well as discovery responses from Zers producing records including permits for the Site identifying Zers as the owner, a permit application submitted by Zhang seeking use of a fire hydrant for the Site, and an issued fire hydrant permit (which expired well before Plaintiff's fall).  The City sought monetary sanctions for attorney fees incurred in reviewing the trial subpoenas, meeting and conferring with Appellants' counsel, and preparing

_____

[2] All other defendants have either been dismissed or defaulted.

[3] All undesignated section references are to the Code of Civil Procedure.

the motion to quash. Appellants opposed the motion.[4] According to the minute order from the hearing on the motion, counsel for Plaintiff joined in the City's motion and presented argument. The trial court granted the motion to quash, issued the requested protective order, and imposed sanctions against Appellants in the amount requested by the City.

DISCUSSION

Appellants argue the sanctions order fails to provide the factual basis for the order and constitutes an abuse of discretion.[5] The trial court's order cites two statutory bases for sanctions, sections 128.5 and 1987.2. We conclude Appellants have not demonstrated the order was error under section 1987.2, and therefore we need not and do not decide whether section 128.5 provides an independent statutory basis for the order.

Section 1987.2 provides that, in making an order on a motion to quash, "the court may in its discretion award the amount of the reasonable expenses incurred in making or opposing the motion, including reasonable attorney's fees, if the court finds the motion was made or opposed in bad faith or without substantial justification or that one or more of the requirements of the subpoena was oppressive." (§ 1987.2, subd. (a).) Whether Appellants opposed the City's motion " 'in bad faith *or* without substantial justification' (§ 1987.2, subd. (a), italics added), [is] a question we review for an abuse of discretion. [Citation.] ' "A court's decision to impose a particular sanction is

---

[4] Although the trial date had been continued at the time of Appellants' opposition, Appellants' counsel averred Appellants would reissue the subpoenas in advance of the new trial date.

[5] In their briefs on appeal, Appellants also challenged the trial court's rulings on the motion to quash and protective order. Subsequently, they withdrew their challenge to all rulings other than the order imposing sanctions.

'subject to reversal only for manifest abuse exceeding the bounds of reason.' " ' " (*Evilsizor v. Sweeney* (2014) 230 Cal.App.4th 1304, 1311 (*Evilsizor*).)

Appellants first argue the trial court's order fails to identify the factual basis justifying the sanctions award. "[S]ection 1987.2 does not contain the same language of [other sanctions statutes] ... that a written order be issued setting forth the specific conduct or circumstances justifying the sanctions." (*First City Properties, Inc. v. MacAdam* (1996) 49 Cal.App.4th 507, 515 (*First City Properties*).) Nonetheless, "when an appeal is processed on a standard of abuse of discretion, the party aggrieved must be put on notice of the acts for which it was sanctioned in order to mount an effective review. Failure to delineate the grounds for exercise of discretion precludes meaningful review, a denial of due process." (*Id.* at p. 516.) Accordingly, in imposing sanctions pursuant to section 1987.2, " 'The trial court must set forth the factual basis for the award either in a formal order, a minute order, or in the reporter's transcript of the hearing on the motion.' " (*Evilsizor, supra,* 230 Cal.App.4th at p. 1312; accord, *First City Properties,* at p. 516 ["We believe the ... requirement [that the person being sanctioned be told the conduct or circumstances justifying the sanction] should be read into section 1987.2."].)

Although Appellants point only to the trial court's written order, which does not set forth the factual basis for the sanctions award, the factual basis need not be in written form but can instead be stated orally by the court at the hearing. (*Evilsizor, supra,* 230 Cal.App.4th at p. 1312 [factual basis can be "in the reporter's transcript of the hearing on the motion"]; *First City Properties, supra,* 49 Cal.App.4th at p. 517, fn. 9 ["a detailed formal order is not required where the reporter's transcript and minute order reveal specific reasons for imposition of sanctions"].) Appellants elected to proceed on

5

appeal without a record of the oral proceedings.[6] " 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. ...' ... 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) Appellants have failed to provide an adequate record on the issue of whether the trial court provided a factual basis for its sanctions order at the hearing, and the issue is therefore necessarily resolved against Appellants.

Appellants also argue the order is an abuse of discretion. As Appellants failed to provide an adequate record as to the court's factual basis, we presume the court found Appellants' opposition to the City's motion to quash lacked substantial justification.[7] " 'Substantial justification' means 'that a justification is clearly reasonable because it is well grounded in both law and fact.' " (*Evilsizor, supra,* 230 Cal.App.4th at p. 1312.) Appellants argue the subpoenaed witnesses' testimony was relevant to Appellants' claim that Zers and Zhang should bear a larger proportionate share of any fault because the witnesses will provide evidence that "Zers and Mr. Zhang were building the Project and directed how trades were to obtain water necessary for their work." Appellants do not contend any of the subpoenaed witnesses have knowledge relating to the use of water at the Site, much less to any

---

[6] Although the hearing on the motion to quash was not reported, Appellants could have used a settled statement. (Cal. Rules of Court, rule 8.137(b)(A) [an appellant may use a settled statement as the record of oral proceedings if "[t]he designated oral proceedings in the superior court were not reported by a court reporter"].)

[7] We need not and do not decide whether an order based on Appellants' bad faith would be an abuse of discretion.

6

direction provided by Zers and Zhang on this issue.  There is no indication the planning department employee ever visited the Site.  Although Appellants deposed the building inspector, they cite no evidence he had any knowledge regarding use of the hose; instead, they cite only to deposition testimony that he understood Janice Pe to be "the one in charge" at the Site.  Appellants fail to explain how the custodians of record or even the subpoenaed documents bear on Zers and Zhang's direction regarding the use of water at the Site.  Thus, the trial court could reasonably conclude the only relevant evidence the subpoenaed witnesses might provide was that Zers was the owner of the Site and Janice Pe was Zers's onsite representative, and the court could further reasonably conclude this evidence had already been admitted to by Zers's owner in his deposition and was therefore not in dispute.  "[W]e are not free to substitute our discretion for that of the trial court so long as its ruling 'was a reasonable exercise of its discretion.' " (*Evilsizor, supra,* 230 Cal.App.4th at p. 1313.)  The trial court's ruling was not an abuse of discretion.

## DISPOSITION

The order is affirmed.  Respondent is awarded its costs on appeal.

_____

SIMONS, J.

We concur.

_____

JACKSON, P. J.

_____

BURNS, J.

(A164798)